UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLES VICK,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | (Civ. No. 14-4240) (WJM)<br>(Crim. No. 13-0040) (WJM)<br><br>Hon. William J. Martini<br><br>**OPINION** |

This matter comes before the Court on *pro se* Petitioner Charles Vick's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Vick alleges that his attorneys were ineffective for failing to file notices of appeal of his sentence after he directed them to do so. He requests that the Court vacate his sentence or, alternatively, grant him permission to file an out-of-time appeal. The Government requests that this Court grant Vick leave to file a notice of appeal within 30 days of the entry of this Court's order, and has indicated that it will not move to dismiss Vick's appeal as untimely. There was no oral argument. For the reasons stated below, the petition is **GRANTED** to the extent that Petitioner is granted 30 days within the entry of this Court's Order to file a notice of appeal *nunc pro tunc*.

I.   BACKGROUND

In January 2013, Vick pleaded guilty before this Court to an Information that charged him with transportation of minors with intent to engage in criminal sexual activity. Under the terms of the plea agreement, Vick agreed to waive his right to file any appeal, collateral attack, or other writ or motion, including but not limited to any motion under § 2255, if he received a sentence within or below the Guideline range corresponding to a Guideline Offense Level of 29. Vick was sentenced within that range. Specifically, this Court determined that Vick's Guideline Level was 29, with a criminal history category II, which carries a sentencing range of 97-121 months' imprisonment. Based on the mandatory minimum associated with the offense, Vick's advisory guidelines range was 120-121 months. The Court granted the Government's 5K1.1 motion and sentenced Vick to 108 months' imprisonment, to be followed by 84 months' supervised release.

Judgment was entered on June 27, 2013. On August 6, 2013, Vick's counsel moved for an extension of time to file a notice of appeal. This Court granted an extension of time through September 26, 2013, but a notice of appeal was never filed. In November 2013, Vick filed a *pro se* letter seeking a "status update" of his pending appeal.

Vick has now filed the instant amended *pro se* § 2255 motion. Vick alleges that his attorneys were ineffective for failing to file notices of appeal of his sentence after he directed them to do so. He requests that the Court vacate his sentence or, alternatively, grant him permission to file an out-of-time appeal.

The Government responds by requesting that this Court grant an order dismissing the § 2255 motion as moot and allowing Vick to file a notice of appeal within 30 days of the entry of this Court's order. The Government further indicates that it will not move to dismiss Vick's appeal as untimely.

## II. DISCUSSION

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A defendant's Sixth Amendment right to counsel is presumptively violated if a defendant directs his attorney to file an appeal but his attorney fails to do so. *Solis v. United States*, 252 F.3d 289, 293-94 (3d Cir. 2001). Prejudice is assumed from counsel's failure to file a notice of appeal when requested by his client. *Id.* The Petitioner need not demonstrate that the issues he would seek to raise on appeal are meritorious, nor that they would have succeeded if an appeal had been pursued. *Id.* at 295.

Here, Vick alleges that his attorneys were constitutionally ineffective for failing to file notices of appeal of his sentence after he directed them to do so. "A new opportunity to appeal is the remedy for petitioner's alleged ineffective assistance of counsel." *Id.* at 294. Ordinarily, an evidentiary hearing will be held on Petitioner's claim, and if the Court is concludes that Petitioner's counsel was ineffective for failing to file a notice of appeal, then Petitioner will "be given the opportunity *nunc pro tunc* to brief his direct appeal in full." *Id.* at 295; *see also Hankerson v. United States*, No. CIV.A. 05-5351, 2006 WL 1084086, at *2 (D.N.J. Apr. 24, 2006).

In this case, the Government has not opposed Vick's application to file an out-of-time notice of appeal and, in fact, requests that Vick be granted 30 days to file his notice of appeal.  The Government further indicates that it will not oppose Vick's appeal on timeliness ground.[1]  Under these circumstances, the Court finds that no evidentiary hearing is necessary on Vick's ineffective assistance claim.

However, contrary to the Government's assertions, the § 2255 petition is not moot.  Instead, pursuant to the procedure outlined in *Solis*, Vick is entitled to the entry of an Order granting his § 2255 petition to the extent that he is provided 30 days from the entry of the accompanying order to file a notice of appeal *nunc pro tunc.  See e.g., Adderly v. United States*, No. CIV.A.05-4260, 2006 WL 383522, at *1-2 (D.N.J. Feb. 17, 2006) (granting, without an evidentiary hearing, a § 2255 petition to the extent that Petitioner was allowed to file a notice of appeal *nunc pro tunc*).  In the event the Petitioner presents another § 2255 petition, it shall be deemed his first filed petition for purposes of the successive habeas requirements outlined in § 2244, a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Solis*, 252 F.3d at 295; *Tyson v. Beard,* 345 Fed. App'x 744, 749 (3d Cir. 2009) (describing AEDPA's successive statutory requirements).

Finally, the waiver contained in Vick's plea agreement does not bar him from appealing or collaterally attacking his sentence on the basis of ineffective assistance of counsel.  But Vick is cautioned that, if he files a direct appeal that is barred by his plea agreement, the Court of Appeals may determine that he has breached the agreement, and remand for resentencing.  *See United States v. Erwin*, 765 F.3d 219, 232 (3d Cir. 2014) (vacating sentence and remanding for resentencing because, by challenging his sentence, defendant had breached the plea agreement).

### III. CONCLUSION

For the above reasons, Vick's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **GRANTED** to the extent that he seeks time to file a notice of appeal.  Vick is advised that he has 30 days from the entry of the accompanying order to file a notice of appeal *nunc pro tunc.*  An appropriate order follows.

---

[1] An untimely notice of appeal is not a jurisdictional bar in a criminal appeal where the Government declines to raise timeliness of the appeal as a defense or bar to the appeal.  *See, e.g., United States v. Spoonhour*, 567 Fed. App'x 114 (3d Cir. 2014) (considering merits of untimely appeal in the absence of objection from the Government on timeliness grounds); *Virgin Islands v. Martinez*, 620 F.3d 321, 329 n.5 (3d Cir. 2010) ("Because Rule 4(b) is not grounded in statute, therefore, we are not deprived of appellate jurisdiction if a party fails to invoke the rule properly upon an untimely notice of appeal.").

                          /s/ William J. Martini
                    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 8, 2015**